JAMES CORR v. W. H. GREENFIELD ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS NO. 1 OF PHILADELPHIA COUNTY.

Argued April 9, 1890—Decided May 5, 1890.

Where, on the trial of a scire facias sur mechanics' lien, the evidence adduced by the defendant shows that a release by plaintiff of the right to file the lien, produced by the defendant, was executed for the plaintiff by his son without authority, general or special, no authority can be implied from the fact that other releases were so executed when payments upon which they were given were made in cash.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 256 January Term 1890, Sup. Ct.; court below, No. 75 December Term 1888, M. L. D.

On April 16, 1889, a scire facias was issued upon a mechanics' lien filed by James Corr against W. H. Greenfield, owner or reputed owner and contractor, and William S. Lane, terre-tenant, admitted to defend pro interesse suo. Issue.

At the trial on November 19, 1889, the plaintiff, having put in evidence the claim as filed, being for $180 for materials furnished, of which the sum of $36 was apportioned to the building owned by the terre-tenant defending, and proved the measurements, rested. The defendants produced a release of liens executed under seal by mechanics and material-men engaged in the construction of the buildings, the execution thereof as to plaintiff being "JAMES CORR. Per C. J. CORR." W. H. Greenfield then testified for defendants that Charles J. Corr, who executed the release, was the plaintiff's son, had been employed in his father's business for three or four years, and was generally in the office; witness had purchased materials from plaintiff before this transaction, and had received releases signed for the plaintiff by Charles J. Corr. The defendants then called Charles J. Corr, who testified:

"I signed the release in question. When Greenfield came into the office, he asked if father was about, and I told him no. He said he had a release to be signed. I said he had better wait till father came in. He said I would do just as well. I did not tell Greenfield that I had been in the habit of doing this. I had not been in the habit of signing such releases. I had signed one or two previous to this, where cash was paid. I don't think I had signed any for Greenfield; am not sure. . . . . . Greenfield did not inform me that he had sold the houses. No money was paid when this release was signed. I thought he had borrowed money. He said he would pay me in a week. I had no authority from my father to sign this paper; neither written nor verbal. I had no authority from him to sign releases in general. I signed this release entirely on my own responsibility. My father never ratified my signing."

William S. Lane, the terre-tenant, testified that he had bought the houses in question, and paid for them expressly on the faith of the release, which was produced at the settlement

Opinion of the Court.

The defendants then offered the release in evidence. Objected to.

By the court: You have proved affirmatively that the agent had no authority to sign the release. I sustain the objection; exception.[1]

No further testimony being adduced, the court, BREGY, J., instructed the jury to find for the plaintiff.[2]

The jury returned a verdict for the plaintiff for $38.88. A rule for a new trial having been discharged, judgment was entered on the verdict, when the defendants took this appeal assigning for error: 1. The refusal of defendants' offer.[1]  2. The instruction to find for the plaintiff.[2]

*Mr. William B. Lane,* for the appellants.

That the question of the agency was for the jury, under the evidence, counsel cited: Seiple v. Irwin, 30 Pa. 513; Williams v. Getty, 31 Pa. 461; Woodwell v. Brown, 44 Pa. 121; Valentine v. Packer, 5 Pa. 333; Story on Agency, §§ 55, 104, 127; Bredig v. Dubarry, 14 S. & R. 27; Kelsey v. Bank, 69 Pa. 426; Schrack v. McKnight, 84 Pa. 26; Winton v. Little, 94 Pa. 64; Berger's App., 96 Pa. 443.

*Mr. Robert Ingram,* for the appellee, was not heard.

In the brief filed, counsel cited: Moore v. Patterson, 28 Pa. 505; Whiting v. Lake, 91 Pa. 349; Phila. etc. Co. v. Roberts, 17 Phila. 9; Lance v. Deacon, 15 Phila. 318.

PER CURIAM:

We do not think the court below erred in rejecting the release referred to in the first assignment. It was under seal, and was signed, "JAMES CORR. Per C. J. CORR." The authority of the latter to execute the release was not shown. The defendants contended that such authority was to be implied from the previous course of dealing between the parties; and, in support of this position, William H. Greenfield took the witness stand, and testified as follows: "I have purchased materials from plaintiff before this operation. I have received releases of liens for materials purchased from him, before this one. Charles Corr, the son, signed those releases. I have received releases signed by James Corr. Charles Corr signed

Opinion of the Court.

the release for premises in question." Had the defendant rested here, the grounds of implication would have been suf-ficiently slight; but he next called Charles J. Corr, and his testimony entirely brushes away the entire fabric of implied authority. Corr testified, inter alia: "I had not been in the habit of signing such releases. I had signed one or two pre-vious to this, when cash was paid. I don't think I had signed any for Greenfield; am not sure. . . . . I had no authority to sign this paper, neither written nor verbal. I had no au-thority to sign releases in general. I signed this release en-tirely on my own responsibility. My father never ratified my signing." The witness further testified that, when Greenfield came into the office to get the release signed, his father was absent, and that he told Greenfield he had better wait until his father came in, but he insisted on the witness signing, and said he would do as well as his father. In the face of this clear proof, introduced by the defendants themselves, that the son had no general or special authority to execute releases, it is idle to talk of implied authority. The most that can be im-plied from the testimony of the son is that he had authority to sign releases of liens where the cash was paid. The release of a mechanics' lien where the cash is paid is the merest formal-ity. It is little more than a receipt for the money, as the pay-ment extinguishes all right to a lien. As there was an entire failure of the defence, it was not error to instruct the jury to find for the plaintiff.

Judgment affirmed.