## Googe *v.* Gaskill, Appellant.

*Mortgage—Assignment—Forgery—Findings of fact.*

A finding of fact by the court below in an equity proceeding that a signature to an assignment of a mortgage is a forgery, will not be set aside by the superior court, except for clear error, even where the testimony is conflicting.

Where an owner of a mortgage authorizes an attorney in fact by a letter of attorney duly recorded, to receipt for moneys paid and to enter satisfaction of record, the letter of attorney does not authorize the attorney in fact to sign his principal's name to an assignment of the mortgage, and the certificate of the attorney as a notary public, to the assignment, adds no weight to the paper.

Argued May 21, 1901. Appeal, No. 40, April T., 1901, by defendants, from decree of C. P. Crawford Co., May T., 1899, No. 3, on bill in equity in case of Alice A. Googe v. David B. Gaskill and William H. Gaskill. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Bill in equity for the cancelation of the assignment of a mortgage.

From the record it appeared that Alice A. Googe owned an interest in a mortgage given by one Susan Hamilton. On February 21, 1899, Alice A. Googe gave a power of attorney to Miles W. Tate, an attorney at law and notary public, which was as follows :

" Know all men by these presents that I, Alice A. Googe, of Meadville Pa., do hereby constitute and appoint Miles W. Tate, of the same place, my lawful attorney for me and in my name and stead to receive and receipt for all moneys belonging to me from any mortgages or judgments, and to enter satisfaction in the proper offices for me and in my name and stead when mortgages are paid, and to do all other things in the premises, as I might or could do if personally present.

" Witness my hand and seal this 19th day of February, A. D. 1889, at Meadville, Pa.

"ALICE A. GOOGE." [Seal]

The letter of attorney was duly recorded.

THOMAS, J. found the facts to be as follows :

1. That on May 3, 1889, Susan Hamilton, of Meadville, executed and delivered to Mrs. Elizabeth Tate and Alice H. Googe a judgment bond in the penal sum of $4,000 and a mortgage for $1,843, of which sum $843 was the interest of Mrs. Tate, and $1,000 was the sum due the complainant, Alice A. Googe, which said mortgage was recorded in mortgage book L, No. 2, p. 330, in the recorder's office of Crawford county.

2. That on August 31, 1895, the interest of Mrs. Elizabeth R. Tate in said mortgage was assigned of' record to David B. Gaskill, by Miles W. Tate, as executor of Elizabeth Tate, deceased ; and on the same date the interest of the complainant, Alice A. Googe, in said mortgage, was attempted to be assigned to the said David B. Gaskill, by a paper purporting to be

signed and acknowledged by the complainant, Alice A. Googe, which said alleged assignment was duly recorded in the office of the recorder of deeds in the county of Crawford, in mortgage book V, No. 2, p. 432, on August 31, 1895.

3. That on December 24, 1897, said David B. Gaskill assigned upon the margin of the record the said mortgage to William H. Gaskill.

4. That the complainant, Alice A. Googe, had no actual knowledge of the said purported assignments prior to February, 1899.

5. That the real estate upon which said mortgage is a lien was on May 6, 1897, conveyed by said Susan Hamilton to Isaac Monderau, who now holds the legal title thereto, subject to said mortgage.

6. That the aforementioned alleged assignment from Alice A. Googe to David B. Gaskill, was not executed or delivered by her, or by any person having power of authority from her so to do.

### CONCLUSIONS OF LAW.

The complainant, Alice A. Googe, is not bound by the alleged assignment, not made or authorized by her, nor has she had such knowledge or been guilty of such conduct as will estop her from asserting her rights in this proceeding.

A decree was entered canceling the assignment.

*Error assigned* was the decree of the court.

*Alfred G. Church,* with him *Haskins & McClintock,* for appellants.—The certificate of acknowledgment of a deed or mortgage is a judicial act. It is conclusive of the facts certified to in the absence of fraud or duress. Even in cases of fraud or duress, it is conclusive as to subsequent purchasers, for a valuable consideration without notice: Jamison v. Jamison, 3 Wharton, 457; Heeter v. Glasgow, 79 Pa. 79; Hornbeck v. Mutual Bldg. & Loan Ass'n., 88 Pa. 64; Oppenheimer v. Wright, 106 Pa. 569; Carr v. Frick Coke Co., 170 Pa. 62; Kaufmann v. Rowan, 189 Pa. 121; Penna. Trust Co. v. Kline, 192 Pa. 1; McMurtrie v. Twitchell, 11 Phila. 351.

The certificate of a justice that an oath was duly administered, though not conclusive, is not to be overturned except upon

clear proof to the contrary: Kaufmann v. Rowan, 189 Pa. 121; O'Day's Contest, 5 Kulp, 491.

Payment of money to an accredited agent is payment to principal and is not evidence of negligence toward assignee: Pepper v. Cairns, 133 Pa. 114; McMahon v. Bardinger, 18 W. N. C. 112.

Mere possession of a mortgage deed does not, of itself, under all circumstances, give a solicitor a right to receive payment, but other circumstances in connection with that fact might do so: Barnard's Appeal, 3 Atl. Repr. 764.

Of two innocent parties, he must suffer whose act created the opportunity for the fraud: Story on Agency, sec. 127; Penna. R. R. Co.'s Appeal, 86 Pa. 80; Garrard v. Haddan, 67 Pa. 82; Burton's Appeal, 93 Pa. 214; Mundorff v. Wickersham, 63 Pa. 87; Vanderslice v. Royal Ins. Co., 13 Pa. Superior Ct. 455.

*Frank P. Ray*, with him *James R. Andrews*, for appellee.— This court will not set aside findings of fact by the court below, except for clear error, even where the testimony is conflicting and the merits may appear contrary to the court's conclusions: Wolf v. Augustine, 197 Pa. 367; Brotherton Bros. v. Reynolds, 164 Pa. 134; Stocker v. Hutter, 134 Pa. 19.

OPINION BY ORLADY, J., July 25, 1901:

After a hearing on bill, answer, testimony taken and argument of counsel, the court below found as a fact that the signature of Alice A. Googe to the assignment of her interest in the mortgage to David B. Gaskill was a forgery; that the acknowledgment thereto was not made by her, and further that it was not delivered to David B. Gaskill by any one authorized to act so for her, and that she had no actual knowledge of the assignment until February, 1899. After a careful examination of all the evidence we accept these findings of fact as based on sufficient evidence: Wolf v. Augustine, 197 Pa. 367. While the plaintiff was misled by the confidence she had in her attorney, an inspection of the power of attorney to Miles W. Tate should have put Gaskill on inquiry as to the authority thereunder to " assign the mortgage." The parties lived near to and saw each other frequently. Alice A. Googe was the passive instrument in Miles W. Tate's hands for the furtherance

of his own schemes, and she knew nothing of the transaction until the wrong had been completed. Gaskill took an active part with Tate in the matter, and while he was deceived by Tate, it was a deception practised in the light of facts at least suspicious and which invited an inquiry.

Much of appellant's argument is devoted to charging Mrs. Googe with a want of reasonable supervision of her own business, and that the defendant's loss was caused by her acquiescing in the acts of her accredited agent through a number of years. It must be borne in mind that the only authority Tate had to receive any money for Mrs. Googe was that shown by her letter of attorney to him which was of record in the proper office. Of this writing, it is sufficient to say that by its terms all moneys received by him from any mortgage belonging to her were to be paid on account of the mortgage debt, so as to enter satisfaction in the proper office for her and in her name and stead when mortgages were paid. There is no authority given to him to assign the mortgage. As stated by RICE, P. J., in Robb v. Pennsylvania Co., 3 Pa. Superior Ct. 254, affirmed by the Supreme Court in 186 Pa. 456 the rule, that where one of two innocent persons must suffer loss that party who did the act which was the occasion of the loss ought to bear it, is often misapplied to cases where the two persons are not equally at fault, but where one owes a duty to the other to do, or to refrain from doing a particular thing, and has failed in the performance of that duty. See also Swanson v. Crandall, 2 Pa. Superior Ct. 85, and Hoehle v. Allegheny Heating Co., 5 Pa. Superior Ct. 28.

In assigning Mrs. Googe's interest in the mortgage Tate acted in excess of his authority as therein defined, and he was not bound by that act: Brooke v. New York, etc., R. R. Co., 108 Pa. 529; Adams Exp. Co. v. Schlessinger, 75 Pa. 246; Butler v. Maples, 9 Wallace, 766. She could not reasonably anticipate the forger's act, and the doubt as to the effect to be given to that paper was as apparent when Gaskill saw it first as it is now. The certificate of the forger, who was a notary public as well as an attorney at law, did not add any special weight to the transaction, as the defect of authority was inherent in the letter of attorney, and this a valid acknowledgment would not correct under the circumstances. W. H. Gaskill is in no better position then David B. Gaskill; both were the unfortunate victims of an un-

scrupulous agent who had defined powers, yet acted outside the scope of his authority.

The assignments of error are overruled and the decree of the court below is affirmed and motion to amend the answer is overruled.