## C. Trevor Dunham, Inc., v. Pursel.

*H. G. Teel* and *H. M. Smith,* for plaintiff; *E. J. Mullen,* for defendant.

EVANS, P. J., Jan. 28, 1929.—This matter comes before the court on petition, answer and depositions of both sides.

The judgment sought to be opened in this proceeding was entered by confession on July 17, 1926, upon a negotiable promissory note signed by Elmer Pursel (defendant), dated March 12, 1926, payable to the order of H. H. Merrion, and by the latter endorsed and transferred before maturity to C. Trevor Dunham, Inc., the plaintiff herein. The amount of the note is $1313.60, payable at the office of C. Trevor Dunham, Inc., at Philadelphia, in twelve equal monthly instalments, with a clause providing that in event of default in payment of any instalment when due, the whole amount remaining unpaid shall immediately become due and payable, and authorizing entry of judgment for such amount as remains unpaid, together with costs, collection expense and attorney's fee of 15 per cent.

Accompanying the præcipe for judgment is an affidavit of default by the treasurer of the plaintiff corporation, with an itemized statement showing computation of balance due in the sum of $1309.63, for which sum, plus an attorney's commission of 15 per cent., total $1506.07, judgment was entered.

The plaintiff, C. Trevor Dunham, Inc., at the time the note was given, was engaged in the automobile finance business, being the purchase by it from automobile dealers of negotiable promissory notes given by persons who desired to acquire an automobile on the instalment or deferred-payment plan. The defendant, Elmer Pursel, being desirous of acquiring an automobile upon such plan, purchased a Chrysler roadster from H. H. Merrion, a dealer in Berwick, Penna., on March 12, 1926. The price of the car delivered in Bloomsburg was $1740. The defendant, Pursel, paid the dealer, Merrion, one-third of the price of the car, viz., $580 in cash, and executed a bailment lease

with Merrion, wherein the latter retained title to the car, for the balance of the purchase price, including interest and finance charges, payable in monthly instalments. Contemporaneously with the making and execution of the lease for the automobile, the defendant made and executed the promissory note above mentioned on which the judgment in the instant case was entered.

In order to finance the transaction, the dealer, Merrion, immediately sold and transferred to the plaintiff, the finance company, said promissory note, together with the bailment or rental agreement. The rental agreement or lease, together with the note, constituted one and the same transaction, the note being the primary obligation and the rental agreement containing the terms under which the automobile was pledged as collateral security for the payment of the note.

Because of default in payment of the instalment due May 12, 1926, the automobile was repossessed, taken from the defendant, Pursel, by the plaintiff's agent on June 16, 1926, and forthwith driven to Philadelphia and there placed on the floor of a salesroom for sale, and later sold for $550.

The judgment in the instant case having been entered July 17, 1926, execution was issued the same day to collect the total amount of the same, viz., $1506.07, together with interest and costs.

In the answer to the petition and rule to open the judgment, the plaintiff admits that the defendant, Pursel, is entitled to a credit on the judgment of $550 as of July 17, 1926, the date of the entry of the judgment, being the amount received for the repossessed automobile.

The contention on the part of the defendant is (a) that at the time plaintiff's agent repossessed the car, the defendant understood that that was the end of the transaction and that his indebtedness upon the note was thereby canceled and extinguished; that said understanding was based upon statements to that effect made by the agent at the time of repossessing the car; (b) that at the time the car was repossessed its fair market value was $1400, or more than the amount due and owing on the note, and that such repossession, therefore, amounted to satisfaction in full of the note; and (c) that plaintiff could not, having repossessed the car, resort to the further remedy of entering judgment on the note and collecting the balance owing thereon.

With these contentions we cannot agree, for the contract of the parties provides otherwise. In the rental agreement or lease between the parties it is provided that, in the event of default in the payment of any instalment, the lessor (plaintiff) may repossess the motor-vehicle (paragraph 10) as follows:

"The right to take possession shall be contemporaneous with the right to recover a money judgment against the lessee for breach of this agreement, and shall not be impaired by the existence of a judgment obtained by the lessor or execution issued thereunder. The remedies of the lease are cumulative, not alternative. It is agreed that the lessor shall not be limited to action either upon the lease or upon the note, but that until the lessor shall have been repaid the principal due, together with all interest, costs, collection expenses and attorney's fees, it shall have the right to avail itself of remedies both under the lease and under the note.

"Should the lessor take possession of the motor-vehicle, he may sell the motor-vehicle at public or private sale at any time thereafter without any notice to the lessee, and the said lessor may become the purchaser thereof, and if the proceeds thereof are insufficient to pay all sums remaining unpaid hereunder and the expenses caused by such repossession, removal, reparation, storage, liens and sale, including an attorney's fee of 15 per cent. incurred in taking possession of said motor-vehicle, or in or about the sale thereof, or in col-

lecting in any manner any sums which may be due and owing hereunder, lessee agrees to pay any deficiency as damages for the use of said property."

Pursel, the defendant in the instant case, failed to pay the instalment due on the note May 12, 1926, and the plaintiff repossessed the automobile, took it to Philadelphia and sold it for the sum of $550, which amount has been credited on the judgment. This the plaintiff had a right to do, for the agreement provides that "should the lessor take possession of the motor-vehicle, he may sell the same at public or private sale at any time thereafter, without notice to the lessee, and that the said lessor may become the purchaser thereof." This is precisely what the lessor did. Because of the default the lessor repossessed the automobile, drove it to Philadelphia and sold it without notice to the lessee, and credited the lessee with the proceeds of such sale. This is all the lessor can be required to do under the agreement.

The defendant's contention that at the time the plaintiff's agent repossessed the car he understood from statements made by the agent that the repossessing of the car was the end of the transaction and thereby extinguished and canceled the balance of the indebtedness would be a good defense, if true, providing the plaintiff's agent had the power and authority to make such an agreement on the part of the plaintiff. The plaintiff, however, challenges and denies that its agent, at the time of repossessing the car, or at any other time, said or did anything that would warrant the defendant in concluding that the repossessing of the car ended the transaction and that the indebtedness upon the note was thereby canceled and extinguished, and, further, that its agent had no such power or authority. The burden to establish this contention is on the defendant. A careful reading of the depositions fails to disclose that the plaintiff's agent had the power or authority to cancel or extinguish the balance of the indebtedness at the time of repossessing the automobile.

A party who desires to avail himself of the act of an agent must, in order to charge the principal, prove the authority under which the agent acted. The burden of proof lies on him to establish the agency and the extent of it: Hays v. Lynn, 7 Watts, 524, 525; Moore's Exec'rs v. Patterson, 28 Pa. 505, 512; Relief Ass'n v. Post, 122 Pa. 579, 597; Smith v. Iron and Steel Co., 208 Pa. 462, 466.

A general power to collect or receive payment implies no authority, in the absence of the principal's consent, to assign or compromise the claim (Googe v. Gaskill, 18 Pa. Superior Ct. 39) or to waive or release his principal's security without payment of the debt (Jones v. Vogel, 185 Pa. 1; Deacon v. Greenfield, 141 Pa. 467; Corr v. Greenfield, 134 Pa. 503) or to accept a partial payment of the obligation as full settlement.

Presumptively, an agent is employed to make contracts, not to rescind or modify them: Railroad Co. v. Egbert, 152 Pa. 53.

In Cain v. Marick, 91 Pa. Superior Ct. 129, where it was alleged that the plaintiff's agent waived certain commissions due his principal and agreed to accept a smaller amount, the court said (page 135): "The burden was on defendant to show the authority of the agent to surrender his principal's right to a commission already earned, or to show a ratification by the principal of the agent's act if unauthorized: W. J. Gilmore Drug Co. v. Goldsmith, 79 Pa. Superior Ct. 149; Marquette-Bailey Lumber Co. v. Gibboney, 87 Pa. Superior Ct. 243."

The burden of proof of showing that a particular act was done by one person as the agent of another is upon the party who so alleges.

An agent is bound to obey the instructions of his principal to the letter; they cannot be enlarged or extended in any particular without the consent of

the principal: Union Trust Co. *v.* Means, 201 Pa. 374, 377; Gorsuch *v.* Berman, 270 Pa. 8, 11; Dougherty Distillery Warehouse Co., Inc., *v.* Binenstock et al., 293 Pa. 566, 570.

A mere conflict of testimony as to what was said and done by the plaintiff's agent, Kay, at the time the car was repossessed is not enough to justify the court in opening this judgment. Even if the defendant's version as to what the agent, Kay, said at the time of repossessing the car is true, the defendant failed to show authority in the agent, either express or implied, to release his principal's rights and accept in settlement an amount less than that which the agreement provided should be paid. It, therefore, follows that the rule to open the judgment should be discharged.

And now, Jan. 28, 1929, the rule is discharged.

From R. S. Hemingway, Bloomsburg, Pa.