# Jamestown & Franklin R. R. Co. *v.* Egbert et al., Appellants.

*Oil lease—Forfeiture—Construction—Word " retained."*

An oil lease covering several tracts of land provided for the drilling and operating of a well upon each tract, a failure so to do to forfeit the lease upon such tracts as were not operated upon. A failure to comply with any of the conditions of the lease rendered it void at the option of the lessor. In the event any piece of land failed to yield the lessor a certain royalty, the lessee agreed to pay a certain rental upon each such piece of land retained by the lessee. *Held,* that the word "retained" referred to the right to operate for oil on the premises, and this right continued until the lessee made a formal surrender of the lease.

*Surrender of lease—Authority of agent—Solicitor—Abandonment,*

An offer to show that the solicitor of a company had control of its legal business is not sufficient proof of his authority to accept surrender of a lease, or abandonment of the premises.

Argued Oct. 7, 1892.    Appeal, No. 243, Oct. T., 1892, by defendants, Dr. A. G. Egbert et al., from judgment of C. P. Venango Co., Nov. T., 1886, No. 8, on verdict for plaintiffs. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Covenant, begun in 1886, upon oil lease for rent.

On the trial, before TAYLOR, P. J., evidence was offered to the following effect:

On May 30, 1885, plaintiff executed to the defendants an oil lease upon about one thousand acres of land in Venango county, by the terms of the lease to be treated as ten pieces of land of one hundred acres each. Defendants were, within sixty days, to commence drilling a well on one of the tracts and to prosecute the work thereon with diligence to the third sand, unless oil or gas in paying quantities should sooner be found. If oil or gas in paying quantities was found in the first well, a second well was to be commenced on a second tract within thirty days after the completion of the first well, and prosecuted to completion as aforesaid. Defendants were thereafter further to drill and complete one after another, and operate one well upon each hundred acre tract upon like terms and conditions ; and a failure so to do was to operate as a forfeiture of the lease upon all parts of the land which had not

been drilled and operated in accordance with the terms of the lease. It was further agreed, that upon such tracts or parts of tracts of the land which they continued to hold under the terms of the lease, defendants should have the privilege of re-drilling a second set or series of wells, and that the same should be begun within six months after any forfeiture of the remaining tracts or pieces of land or after the first set of wells is completed. The royalty in oil was to be one fourth, one sixth or one eighth from each well, according to the amount produced. If gas were found in marketable quantities, defendants were to pay to plaintiff a royalty of $200 per annum for each well not exceeding two hundred and fifty pounds to the square inch, and a royalty of $400 for each well exceeding two hundred and fifty pounds to the square inch.

" Said second parties further agree that in the event that any of said pieces of land failing to yield to the said first party from royalty on oil or gas a sum or amount equal to one hundred ($100) dollars per annum on each such piece or tract of land, that they, the said second parties or their assigns, will pay or cause to be paid to the said first party, its successors or assigns, at the end of each and every year from the execution of this lease one hundred ($100) dollars per annum as rentals for and upon each such piece or parcel of land retained by said second partties or their assigns, under this lease.

" It is further mutually agreed that the failure of the said second parties to comply with any of the terms or conditions of this lease shall render this lease null and void, at the option of the first party."

Defendant offered to prove that, at the time this lease was made and immediately subsequent thereto, defendant and his co-lessees operated in all directions around this land, at great expense, testing the general character of the territory at that place, and proved that there was no oil and gas in that neighborhood, by such tests. Offer overruled and bill sealed. [1]

Defendant then offered to prove that Getzendanner was the solicitor of the Jamestown & Franklin R. R. Co. and had control of the legal business; that directly after this suit was brought defendant himself had a letter from Getzendanner, informing him if he surrendered the lease and returned it that this business would all be off, and they would not be held lia-

ble for any rent; that in conformity with that letter he sent the lease to Getzendanner in the city of Cleveland; this for the purpose not only of showing a release, but showing that the defendants had abandoned the property at the time and before this time.

Objected to by plaintiff as incompetent.

By the Court: Without offering to show any further authority in this man Getzendanner than you have already offered, we will have to overrule this offer. He had no authority to bind the company. Exception. [2]

Defendant then proposed to prove that at the time this lease was made, the word "forfeiture" in a lease was construed to be absolute by both sides under the early decisions of the Supreme Court and by the profession throughout this section of the state; that Dr. Egbert knew of such construction and acted in accordance with his knowledge; that, failing to find oil on adjoining property, he never commenced to operate or put down a well on the property; and that when asked to return the lease by the general solicitor he promptly returned it; this with the view to show an abandonment of the property a considerable period before any rent could begin to run or be earned under the lease. Offer overruled, exception. [3]

Defendant presented the following point:

" 2. If the jury believe that shortly after the lease was executed, the defendants and others, by testing surrounding property, proved there was no oil or gas in the property covered by the lease, and never took possession of the property for any purpose, and never attempted to put down any wells thereon, and abandoned all claim to the same under the lease, the plaintiff cannot recover in this suit." Refused. [4]

Plaintiffs' points were as follows:

" 1. Under all the evidence the verdict of the jury must be for the plaintiffs." Affirmed. [5]

" 2. The measure of damages is the sum of $1,000, due on June 30, 1886, with interest." Affirmed. [6]

Verdict and judgment for plaintiffs for $1,351. Defendants appealed.

*Errors assigned* were (1–6) rulings and instructions, quoting bills of exceptions and instructions.

*James D. Hancock,* with him *W. D. Doyle,* for appellants.— Defendants were only to pay for land "retained" under the lease. The evidence showed that they never took possession of the land; how could they then retain it? The word "retain" must refer to acts done or to be done, not to rights of defendants under the lease.

*Bryan H. Osborne,* with him *John O. McCalmant,* for appellee.

PER CURIAM, November 7, 1892:

We think the offers of evidence referred to in the first and fourth specifications were properly rejected. The test of surrounding property was not the test required by the lease. It does not follow that because there was no oil on adjoining property, oil might not have been struck on this large tract.

The offer to show authority from the plaintiff to Getzendanner to release the appellants did not go far enough, and the court below was right in rejecting it. Neither was it competent to show an abandonment of the property under the terms of the lease.

Nor was it competent to show that a number of persons had misunderstood some of the earlier decisions of this court. See third specification.

Nor do we agree with the appellants' construction of the word "retained" as contained in the lease. We think it refers to the right to operate for oil on the premises. This right the appellants "retained" so long as they failed to make a formal surrender.

Judgment affirmed.