# Ludwig & Son *v.* Gorsuch, Appellant.

*Principal and agent—Release—Authority of agent.*

An agent, employed to solicit and send to his employer orders for goods and to collect outstanding accounts, has no authority to release one of his employer's customers from liability for the price of goods which he had purchased, and to accept in his place the customer's successor in business.

In such a case where an action is brought against the customer for the price of the goods, it is proper, in the absence of evidence of either precedent authority to the agent or of subsequent ratification of his act, to direct a verdict in favor of plaintiff.

Argued April 19, 1893.   Appeal, No. 395, Jan. T., 1893, by defendant, James Gorsuch, from judgment of C. P. Blair Co., Jan. T., 1892, No. 86, on verdict for plaintiff, John Ludwig & Son.   Before STERRETT, C. J., GREEN, MITCHELL, DEAN and THOMPSON, JJ.

Assumpsit for goods sold and delivered.

The facts appear by the opinion of the Supreme Court.

The court charged in part as follows, by LANDIS, P. J.:

" The real defence here is that the defendant is released from liability on the bill and that the plaintiffs agreed to look to Thomas Imler for the payment of it.   And that arrangement, it is alleged on the part of the defendant, was made by the agent of the plaintiffs, a man named Knouff.   He was the agent generally to sell this property, and he could do only whatever he was empowered to do by the terms of his agency.   We are not informed here that these terms were set forth by any agreement in writing, but we are told by one of the members of the firm of the plaintiffs in this issue that the powers of the agent were simply to take orders for the sale of whisky and to collect bills—that and nothing more.   If the agent went outside the terms of the agency, those who dealt with him did so at their own risk.   It is the duty of a man who deals with an agent to know exactly what the terms of the agency are.   If he then takes the agent's statement for it, it does not bind the principal unless it is shown he is dealing elsewhere in the same way, or has been known theretofore to have done the same thing, or has done such things as induces a belief to that effect.   It is the duty of those who deal with an agent to know the terms of the agency, because what he may do outside the terms of the agency is of no binding effect upon his principal.

" Now, what are the facts here as claimed by the defendant ? That Knouff agreed to release Gorsuch and look to Imler for the payment of this bill.   That was not a sale.   The sale had been made, the contract between the plaintiffs and this man Gorsuch had been completed, the goods had been ordered, shipped and delivered ; and when Gorsuch made his transfer to Imler, if he transferred or agreed to transfer this property along with other property, it did not release Gorsuch from his liability to these plaintiffs.   [It was Gorsuch's duty to get the

consent of these plaintiffs that he might transfer to Imler and have the plaintiffs look to Imler for payment. As he did not do so, as the uncontradicted proof here on the part of these plaintiffs shows that he did not do so, as far as they are concerned, his agreement with Imler would not bind these plaintiffs. They were not notified, they were not parties to it in any way; and they are not bound by any agreement between Gorsuch and Imler, unless they knew it. We say, therefore, on that state of the proof, that Knouff had no power to release Gorsuch and compel his principals to look to Imler.

"They furthermore claim, on the part of the defence, that there was a ratification by reason of the long delay in presenting the bill for payment. It might be ratified by these plaintiffs, although Knouff might not originally have had the power. A principal may ratify and indorse the act of his agent; but the evidence shows here, on the part of these plaintiffs, that they never had any knowledge at all of the transaction. By the undisputed evidence, the plaintiffs appear to have had no knowledge of it at all. They never knew Imler, never heard of him, never corresponded with him, had no communication with him. We say to you, therefore, the undisputed proof is that they knew nothing about Imler, and had no arrangement with him and no knowledge of this thing; and, therefore, they could not ratify what they did not know. In order to make a ratification binding there must be knowledge; and the undisputed evidence here shows there was no knowledge.

"The defence, therefore, under this aspect of it, fails; and, there being no other ground of defence laid against the payment of this bill, there is nothing left but to find a verdict for the plaintiffs for the amount.] [1]

"We have been asked by the counsel for the defendant to charge the jury as follows:

"That the fact that Imler received a statement from Ludwig & Son and that no statements were ever sent to Gorsuch, nor any effort made to collect the bill for over eighteen months, were circumstances going to show a subsequent ratification of Knouff's authority in taking Imler instead of Gorsuch; and this is a question for the jury. *Answer:* There is no evidence to show that the plaintiffs ever furnished any statement to

Imler, and therefore there is no evidence of any knowledge or ratification on the part of the plaintiffs. The delay in collecting the bill is not evidence of ratification, unless the plaintiffs knew the facts claimed by the defendant. If it is claimed that the evidence shows that Knouff furnished a statement to Imler, it is no proof of ratification by his principals, because, as their agent, he was not authorized to release the plaintiffs' claim upon Gorsuch and take Imler in lieu of Gorsuch; and without proof that his act was ratified by his principals, it has no significance, and the point is therefore denied." [2]

Verdict and judgment for plaintiffs. Defendant appealed.

*Errors assigned* were, (1, 2) instructions, quoting them.

*Thomas H. Greevy* of *Greevy & Patterson*, for appellant, cited: Story on Agency, § 19; Parsons on Contracts, § 42; Union Storage Co. v. Bushnell, 88 Pa. 89; Bohner v. Cummings, 91 Pa. 55; Valentine v. Packer, 5 Pa. 333; American Life Ins. Co. v. Shultz, 82 Pa. 46; Jordan v. Stewart, 23 Pa. 247; Sidney School Furniture Co. v. Warsaw School District, 122 Pa. 501.

*H. M. Baldrige, A. J. Riley* with him, for appellees, cited: Mercier v. Lachenmeyer, 8 Phila. 153; Hay v. Lynn, 7 Watts, 524; Moore's Exr. v. Patterson, 28 Pa. 505.

OPINION BY MR. CHIEF JUSTICE STERRETT, May 1, 1893:

The learned president of the common pleas was clearly right in directing a verdict in favor of plaintiffs for the amount of their claim.

It is conceded that the goods, for the price of which this suit was brought, were ordered by and delivered to the defendant; and thus plaintiffs had a clear prima facie case, entitling them to a verdict, unless some valid defence was shown. The only defence that was attempted was a novation of the debt, by the substitution of a new debtor in place of defendant, with intent to release the latter. The contention was that Knouff, as plaintiffs' agent, agreed to release defendant and, in his stead, to accept Imler, defendant's successor in the business, and look to him alone for payment. There was no sufficient evidence to justify

the jury in finding that such a novation of his employers' account against defendant was within the scope of Knouff's agency. He was employed to solicit and send in orders for goods, and to collect outstanding accounts. That did not authorize him to release defendant from liability for the price of the goods he had purchased, and accept Imler in his stead. If he had undertaken to do so, nothing short of ratification by his principals could validate the transaction ; and there is no evidence of such ratification. In the absence of sufficient evidence, of either precedent authority or subsequent ratification, to justify the submission of any material question of fact to the jury, the only proper course was to direct the jury to find for plaintiffs. The legal propositions involved are horn-book law, and citation of authorities is unnecessary.

The case was correctly and carefully tried, and there is nothing in the record of which defendant has just reason to complain.

Judgment affirmed.