# Mange-Wiener Company, Limited, *v.* Patton Worsham Drug Company, Appellant.

*Principal and agent—Salesman—Implied authority—Rescission of contract—Contract.*

No implied authority to rescind and accept a return of the goods is to be inferred in a selling agent, from the mere fact of his authority to sell. If the salesman has greater or different authority that fact must be ascertained by the jury upon competent evidence.

Argued Oct. 11, 1904. Appeal, No. 107, Oct. T., 1904, by defendants, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1902, No. 359, on verdict for plaintiffs in case of Mange-Wiener Company, Limited v. Patten Worsham Drug Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit for goods sold and delivered.

At the trial it appeared that plaintiffs through one Max Herz, a salesman, sold to defendants a quantity of cigars. The defendants alleged that the goods had proved unsaleable, and that Herz had thereupon rescinded the contract, and made a new contract of bailment. It appeared that the goods were destroyed by fire after the alleged new contract had been made.

The court charged in part as follows:

[The principal question in this case, it seems to me, is the question of whether Max Herz had authority from the plaintiffs to make any arrangement with the defendants for the return of the goods and the release of the defendants from their responsibility for the price of the cigars. That is the great and important question in the case. If he had authority to make such an arrangement, it makes no difference whether, under the terms of the plaintiffs' guarantee, the defendants had a right to return the goods or not. That question does not arise if, as a matter of fact, Herz, under authority from the plaintiffs, agreed to accept the goods as returned and release the defendants from their liability for their price. Of course, if he had not authority to make such an arrangement, then you have to consider the question as to whether, under the guarantee that the plaintiffs gave the defendants, that the goods would be satisfactory to the trade, the defendants had a right to throw the cigars back on the plaintiffs' hands; and if you say yes to that, then you must determine the question whether there was a tender of the goods made to the plaintiffs or some one authorized to act on their behalf, by the defendants.] [1]

[If, however, you believe that the plaintiffs never authorized Herz to make such an arrangement as that contended for by the defendants, or if you believe that Herz never did make such an arrangement as that the defendants contend he did, your verdict must be for the plaintiffs, unless you believe that the defendants had a right under this clause of a guarantee to reject the goods as unsatisfactory, and made a tender of them to some one authorized on behalf of the defendants to accept them.] [2]

Defendants presented these points :

1. It appears by the written contract on which the plaintiffs base their claim in this case, that it was a provision therein that the plaintiffs guaranteed the cigars to give satisfaction to the trade, and further agreed that " it is understood if the goods do not give satisfaction they can be returned." Under this agreement the defendants were entitled to return the cigars to the plaintiffs if they did not give satisfaction. *Answer :* Certain requests for charge on particular points have been submitted to me by counsel for these parties, but in my judgment the charge on these points specifically would obscure

the question of fact which you must decide. So far as my charge accords with any one of these points that point may be regarded as affirmed. So far as it is out of accord with any particular request for finding, that request may be regarded as refused. I shall not read the points to you. [7]

2. It appears further from the said written contract that the same was executed on behalf of the plaintiffs by one Max Herz, and that he forwarded the same to the plaintiffs, who affirmed the same by their shipment of the goods under the terms of the same. There is no evidence that the plaintiffs gave notice to the defendants that the said Max Herz was not authorized to make such a contract on behalf of the company plaintiffs, or that he was not their agent to accept a return of the cigars. Under this state of facts the said Max Herz was authorized to accept a return of said cigars on behalf of the plaintiffs, from the defendants. *Answer :* Same as to first point. [8]

3. It appears from the evidence of the defendants, which is not contradicted, that on receipt of the cigars they employed a special salesman who was recommended by the said Max Herz, the agent of the plaintiffs, and also put the cigars into the hands of many other salesmen, but that the cigars could not be sold because they were machine made instead of hand made, or for other reasons. That in April following their receipt the said Max Herz came to the store of the defendants at Dallas, Texas, and was informed by the president of the defendant company that the goods were not satisfactory, and that it was not possible to sell them, and that the defendants therefore intended to return them to Philadelphia. Max Herz then stated that he did not wish the cigars shipped to Philadelphia, but said he would place them somewhere else in Texas, and asked the defendants to let them remain where they were until he gave shipping directions. The cigars were allowed to remain in defendants' store, and were destroyed by fire. Under this state of facts I charge you that the plaintiffs cannot recover in this action, and your verdict should be for the defendants. *Answer :* Same as to first point. [9]

4. It further appears that on June 6, following this agreement with said Max Herz, the defendants wrote to the plaintiffs that, " these goods were placed with us on guaranteed sale,

which you will find upon examination of the original contract. Up to the time of our going out of business, March 22, we had sold very little. We advised your salesman when here in regard to matter, and asked him to place elsewhere, which he has not succeeded in doing. The goods are here in stock, and we are ready and willing to make such disposition as you suggest, and willing to pay for what we sold."

It further appears that the plaintiffs in their reply to this letter made no denial of the agency of Max Herz, nor any denial of the right of the defendants to return the goods.

It further appears that the plaintiffs, after the receipt of this letter from the defendants, wrote to the said Max Herz, and requested him to take account of the stock in the hands of the defendants, and endeavor to place it elsewhere.

Under this state of facts, which has not been contradicted, the said Max Herz was the agent of the plaintiffs for the purpose of accepting a return of the goods, and there being no contradiction of the testimony that the defendants made an agreement to return the goods as stated in their depositions, your verdict should be for the defendants. *Answer :* Same as to first point. [10]

5. Under all the evidence in this case your verdict should be for the defendants. *Answer :* Same as to first point. [11]

Verdict and judgment for plaintiff, for $1,028. Defendants appealed.

*Errors assigned* were (1, 2, 7–11) above instructions, quoting them.

*Samuel W. Cooper*, for appellants.—It is an elementary principle, that one who by his conduct has justified the belief of a third party that the person assuming to be his agent was authorized to do what was done is estopped from denying such authority : McNeilly v. Life Ins. Co., 66 N. Y. 23 ; Thresher Co. v Kennedy, 7 Ind. App. 502 (34 N. E. Repr. 856) ; Ulrich v. McCormick, 66 Ind. 243 ; North Chicago Rolling Mill Co. v. Hyland, 94 Ind. 448 ; McCullough v. Ins. Co., 2 Pa. Superior Ct. 233 ; Independence B. & L. Assn. v. Real Estate Title Co., 156 Pa. 181 ; Adams Express Co. Schlessinger, 75 Pa. 246 ; Fees v. Shadel, 20 Pa. Superior Ct. 193 ; Thrall v. Wilson, 17 Pa. Superior Ct. 376.

Where one of two persons must suffer by the act of a third person, he who has held that person out as having authority in the matter should be bound by it: Brooke v. New York, etc., R. R. Co., 108 Pa. 529; McNeile v. Cridland, 168 Pa. 16; Barkley v. R. R. Co., 71 N. Y. 205.

*N. Dubois Miller*, for appellees.—Herz's only authority was to get orders in the form of contracts or otherwise, but all to be subject to plaintiffs' approval. He had no authority to accept return of goods or to make a new contract of bailment: Diversy v. Kellogg, 44 Ill. 114; Stockwell v. Loecher, 9 Pa. Superior Ct. 241.

OPINION BY HENDERSON, J., March 14, 1905:

The assignments of error relate to the charge of the court and the refusal to affirm the defendants' points. A careful examination of the charge, in the light of the evidence, leads us to the conclusion that the case was as favorably presented for the defendants as the evidence would justify. There was no evidence of express authority in Herz to rescind the contract. No implied authority to rescind and accept a return of the goods is to be inferred from the mere fact of his authority to sell: Mechem on Agency, sec. 360. The extent of his power became a question of fact. The jury was clearly instructed that if Herz had authority to make an arrangement for the return of the goods the plaintiffs were bound by his action. They were further instructed that the defendants had a right to return the goods if they proved to be unsatisfactory to the trade, and to determine whether, if they were unsatisfactory, tender was made to the plaintiffs or some one authorized to act for them. The evidence did not authorize the court to declare as a matter of law that the agent had implied authority to rescind the contract by virtue of his power as a broker or salesman, or that he had express power so to do. The authorities cited by the learned counsel for the appellants as to the continuance of the authority of the agent are not relevant to this case. The question is not one of the duration, but of the extent of the agent's authority. Powers of an agent are undoubtedly prima facie coextensive with the business intrusted to his care. In the case under consideration, the business of the agent

was to sell goods. If he had greater or different authority, that fact must be ascertained by the jury upon competent evidence. A large amount of evidence bearing upon that point was introduced and submitted to the jury with proper instructions by the court.

The defendants' first point was in substance affirmed in the charge of the court. The second point assumes a question of fact particularly referred to the jury, and was in substance denied in the charge. The third point was in effect denied in the charge, unless the jury should find that Herz had authority to make the arrangement to take back the goods. The fourth point assumes a material question of fact which was referred to the jury. As we have already seen, the court would have erred in affirming the fifth point which asked for binding instructions for the defendant.

The assignments are overruled and the judgment affirmed.