## W. J. Gilmore Drug Company, Appellant, *v.* Goldsmith.

*Guaranty—principal and agent—Scope of guaranty—Authority of agent to release guarantor.*

In an action to recover on a written contract of guaranty, which provided that the guaranty was to continue in force until written notice of revocation, a defense that the agent of the company, in whose favor the guaranty was given, had cancelled the agreement and had reduced the liability of the guarantor, is insufficient, where the authority of the agent to waive his principal's rights, has not been established.

Where the transaction was wholly between the defendant and the agent, the burden was on the former to show the authority of the latter to discharge obligations of guaranty then existing, or to show a ratification by the principal of the agent's act, if unauthorized. In the absence of evidence of such authority, the defense is insufficient.

Argued May 2, 1922. Appeal, No. 137, April T., 1922, by plaintiff, from order of C. P. Allegheny County, July T., 1921, No. 3294, dismissing petition for appeal from judgment of county court in the case of W. J. Gilmore Drug Company v. B. M. Goldsmith. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Petition for appeal from judgment of county court. Before STONE, J.

The opinion of the Superior Court states the case.

The court dismissed the petition. Plaintiff appealed.

*Error assigned,* among others, was the order of the court.

*Francis A. Wolf,* and with him *Watson & Freeman,* for appellant.—The burden was on the defendant to show that the agent had authority to reduce the contract of

guaranty: Hays & Wick v. Lynn, 7 Watts 524; Moore's
Executors v. Patterson, 28 Pa. 505; Murphy v. Losch,
148 Pa. 171; Benevolent Order, etc., v. Smith, 1 Pa.
Superior Ct. 1; Beal & Simons v. Express Co., 13 Pa.
Superior Ct. 143; Gardiner v. Nichols Co., 48 Pa. Su-
perior Ct. 510.

There was no evidence that the agent had such au-
thority: Edmundson v. Singer Sewing Machine Co., 51
Pa. Superior Ct. 545; Jamestown, etc., R. R. Co. v. Eg-
bert et al., 152 Pa. 53; Gass v. The Citizens B. & L.
Assn., 95 Pa. 101.

*Edwin B. Goldsmith,* and with him *Joseph J. Gold-
smith,* for appellee.

OPINION BY HENDERSON, J., July 13, 1922:

The plaintiff brought an action in the county court.
The defendant's liability as shown by the plaintiff's
evidence arose out of three obligations in writing, dated
respectively: March 7, 1916; April 25, 1916; July 1,
1916. They were similar in form except as to the amount
involved; the first being for $150, the second for $200
and the third for $250. They were given as a guaranty
to the plaintiff for the payment of bills for drugs, etc.,
sold by the latter to the Broadway Drug Co., conducted
by J. M. Goldsmith, a relative of the defendant. One of
the conditions of each of the obligations was "this
guaranty is to continue in force until notice of revoca-
tion thereof is given by me to the said W. J. Gilmore
Drug Co. in writing." The execution and delivery of
these obligations was not denied nor was the account of
the plaintiff questioned. The defense presented was
that sometime in November 1916, the defendant was
called by telephone to the office of the plaintiff by Mr.
Williams who is described in the evidence as "the credit
man at the Gilmore Drug Co." Responding to that
summons the defendant went to the office of the plaintiff
and had a conversation with Mr. Williams in which

conversation the latter, as alleged by the defendant, suggested that he reduce the guaranty to $100, whereupon the defendant signed an agreement for $100 credit and all the previous agreements were to be cancelled. The arrangement, as the defendant stated it, was "I will go to $100 with the understanding that no goods will be given to the Broadway Pharmacy without my written consent." There was no testimony corroborating the defendant's statement, and it was directly contradicted by Williams. No evidence was offered tending to show the extent of Williams' authority as credit man, nor were the contracts of guaranty previously given taken up by the defendant. The account in the statement of claim shows that at different periods after their delivery the credits extended to the Broadway Pharmacy exceeded the amount covered by the then outstanding guaranties. On the evidence thus briefly stated the court submitted to the jury the question whether the contracts of guaranty exhibited by the plaintiff as the foundation of the defendant's liability had been cancelled, and whether a contract of indemnity limited to $100 had been given by the defendant and accepted by the plaintiff in November, 1916. The verdict having been rendered for the defendant except as to the amount for which liability was admitted, motions for a new trial and for judgment non obstante veredicto were filed which were afterward overruled. The plaintiff then presented a petition to the court of common pleas for leave to file an appeal, which on consideration was refused. The complaint set forth by the appellant is that there was no evidence to sustain the defense and that therefore judgment should have been entered for the plaintiff. This lack of evidence is found in the failure of the defendant to show that Williams, the plaintiff's agent, had authority to abrogate its indemnity contracts and release the defendant from further liability. It is not alleged that the action of the agent as set forth by the defendant was in the interest of the plain-

tiff. It was the substitution of an inferior security in two respects—the amount of the indemnity was greatly diminished, and the defendant's liability was only to occur when he gave a written order for any purchase from the plaintiff. There is no evidence that Williams had general authority to transact the business of his principal as if he were a proprietor, nor is there any presumption from the fact that he was "credit man" that he had authority to release valuable obligations without the consent, ratification or knowledge of his principal. In the absence of such presumption the defense wholly fails. Assuming that the agent had authority to extend credits, no power to cancel securities or give up rights or interests of his principal is to be inferred from that authority. A statement of this principle is found in Ludwig & Son v. Gorsuch, 154 Pa. 413; Jamestown R. R. Co., v. Egbert et al., 152 Pa. 53; M.-W. Co. v. The Drug Co., 27 Pa. Superior Ct. 315; Gardiner v. Nichols Co., 48 Pa. Superior Ct. 510, and many other cases. Moreover, there was the express provision of the contracts of guaranty that they were to continue in force until notice of revocation was given in writing to the defendant by the plaintiff. As the transaction was wholly between the defendant and the agent, the burden was on the former to show the authority of the latter to discharge obligations of guaranty then existing, or to show a ratification by the principal of the agent's act if unauthorized. This was not attempted to be done, and the appellant's position is well taken that a new trial should have been granted and judgment entered for the plaintiff. It is our opinion therefore that the appeal should have been allowed, and an opportunity afforded the plaintiff for a retrial.

The judgment is reversed, and the record remitted to the court below with direction to reinstate the plaintiff's rule for an appeal and to make the same absolute.

KELLER and GAWTHROP, JJ., dissent.