BARRON G. COLLIER, Inc., OF TEXAS v. DAVIDSON–LEVINE, Inc.  (No. 9927.)

Court of Civil Appeals of Texas. Dallas. March 26, 1927.

Rehearing Denied May 7, 1927.

1. Contracts ⊂⊃241, 271—Notice to agent that defendants were going to discontinue advertising service held not waiver of cancellation stipulation nor cancellation of contract.

Where contract for display advertising in street cars provided that no advertising solicitor should be regarded as agent of plaintiff advertising company, and also that contract could not be canceled except by consent in writing executed by both parties, notice by defendant to advertising solicitor or agent that it was going to discontinue service when year was up *held* under evidence neither waiver of written contract providing for cancellation by written notice nor cancellation thereof.

2. Contracts ⊂⊃9(1), 10(1)—Contract for display advertising held not lacking in mutuality, nor vague, because number of street cars used rested with street car company.

Contract for display advertising in street and interurban cars, terms of which were plain and easily understood, did not lack in mutuality, nor was it vague, because the number of street cars available to plaintiff for use in placing display cards rested entirely with the street car company.

3. Evidence ⊂⊃471(34)—Refusal to permit plaintiff's local manager to testify as to balance due on contract for display advertising in street cars held error.

In suit for breach of contract for display advertising in street cars, refusal to permit plaintiff's local manager to testify as to the balance due thereunder was error.

Appeal from Dallas County Court; W. M. Cramer, Judge.

Action by Barron G. Collier, Inc., of Texas against Davidson-Levine, Inc. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Thompson, Elam & Sanders, of Dallas, for appellant.

McCormick, Bromberg, Leftwich & Camington, W. C. Gowan and G. W. Schmucker, all of Dallas, for appellee.

JONES, C. J. Appellant, Barron G. Collier, Inc., of Texas, brought this suit in the county court of Dallas county at law against appellee, Davidson-Levine, Inc., proprietor of Joseph's Cafe in the city of Dallas, to recover for an alleged indebtedness for breach of contract. From an adverse judgment, appellant prosecutes this appeal.

Appellant conducts an advertising business for others and had obtained the right to advertise for its clients in the street railway cars in the city of Dallas by using the space in said cars designed for the display of advertising cards. It also had the right to use space in the interurban cars operating between Dallas and Terrell, Tex. On November 30, 1923, appellant entered into a written contract with appellee, by means of which cards, advertising appellee's business, would be displayed in the street cars of Dallas Railway Company, and in the Dallas to Terrell interurban cars, for a term of 60 months, commencing February 1, 1924, for a consideration of $59.50 per month, to be paid monthly, with also a stipulation that certain expense in furnishing the said cards should be paid by appellee. This contract was on a printed form used by appellant in its business. In addition to the printed form there was added on the reverse side of the contract form, but specifically made a part thereof, the following stipulation:

"During the term of this agreement the number of 11x14 spaces shall be subject to adjustment from time to time and on such occasion, if there may be found a gain or loss of 11x14 spaces, the monthly compensation shall be amended by adding thereto 50 cents per month for each additional and applying thereto credit of 50 cents per month for each reduction in service of 11x14 spaces.

"This contract covers 119 spaces, size 11x14 inches, at 50 cents each in 119 cars of the Dallas Railway Company and Dallas to Terrell interurban.

"Either party to this contract has the right to cancel it on January 31, 1925, by giving 90 days' prior written notice, one to the other, by registered mail."

Paragraph 8 of the contract reads:

"No advertising representative or solicitor shall be regarded as the agent of the advertising company."

A portion of paragraph 9 reads:

"This contract cannot be canceled or amended except by consent in writing, duly executed by both parties hereto."

Appellant in effect alleged the due execution of the contract; that it had not been canceled by either party in the manner provided for cancellation and was still in force and effect; that at the time of the filing of the suit it had furnished the service contemplated by the contract to appellee for a period of 27 months; and that appellee was due to appellant, under the terms of the contract, the sum of $1,606.50, with the additional sum of $53.35 on account of display cards supplied by it, or a total indebtedness of $1,659.85, on which sum there had been paid $767.85, leaving a balance due it under the terms of the contract of $892, which appellee had failed and refused to pay. Appellee denied any indebtedness, claiming that it had canceled the contract at the expiration of the first year, and also claiming that the contract itself was void for want of considera-

tion and of mutuality, and void also because of its vague, illusory, and indefinite terms, rendering it unenforceable.

The case was tried before the court without a jury and a judgment entered in favor of appellee on the theory, as shown by the court's finding of fact and conclusion of law, (a) that the contract entered into was "illusory, lacking in consideration and mutuality, and therefore void and unenforceable; (b) that there was an oral cancellation of the contract, made in August, 1924, by an agent of appellant who was vested with apparent authority and had apparent authority to waive the written stipulation named in the contract in reference to cancellation; (c) that appellant "is estopped and precluded from denying the authority of said representative to waive said stipulation" upon certain findings of fact made by the court, which findings are attacked, by appropriate assignments of error, as not being supported by the evidence.

[1] We are of the opinion that the finding of fact as to the waiver of the stipulation in the contract providing the manner in which the parties could avail themselves of the right to cancel same on January 31, 1925, by written notice sent by registered mail to the other party 90 days previous to said date, is not supported by the evidence. We are also of the opinion that the contract is not subject to the infirmities the trial court declared existed and on which it was pronounced void, and that appellant is not estopped to insist on the terms of the contract by any act or conduct of its agent.

The contract itself put appellee on notice that "no advertising representative or solicitor shall be regarded as the agent of the advertising company." The evidence as to the character of agent through whom it is claimed the contract was canceled at the end of the first year, in accordance with its provision, does not appear, except from the statement of the agent himself. He came into appellee's place of business, according to appellee's testimony given by Levine, some time in August and discussed with him the changing of the cards from "summer" cards to "winter" cards, and, following his testimony relating to a discussion as to the cards, Levine testified:

"I told him I was going to discontinue when my year was up; I didn't care to spend any more money, and I was going to discontinue my contract after a year. He argued with me to keep going, and I told him I could not afford to spend that kind of money; it didn't do me much good; I never heard people comment much about it; and I told him to cancel it and notified him. He said all right and walked out. Naturally it left me with the impression that the house would cancel it."

This witness is corroborated by the witness Davidson as to this conversation with this agent. This evidence constituted neither a waiver of the written contract nor a cancellation of the contract. The parties had directed by contract the precise manner in which the contract could be canceled. Appellee was given the right to cancel the contract on January 31, 1925 (after the expiration of a year), by giving 90 days' prior written notice by registered mail to appellant. At most this testimony can only be considered as a warning that appellant could expect within the 90 days' time written notice from appellee that it would exercise its right of cancellation. This written notice was never given and the contract was not canceled, but remained in force. There is no element of estoppel in this case whatever.

[2] The terms of the contract are plain and easily understood. Appellee knew that appellant was using the cars of the Dallas Railway Company for carrying out the provisions of its contract. The number of cars that would be available to appellant for this advertising rested entirely with the street car company. The only reasonable inference from the contract is that at the time it was entered into there were 119 spaces subject to appellant's use for this advertising. Manifestly, if cars were taken off, this number would be lessened; if other cars were placed in operation, this number would be increased, and hence the adjustment agreement placed on the reverse side of the contract. We sustain the assignment of error in reference to the court's conclusion as to the validity of this contract.

[3] Appellant complains of the refusal of the court to permit its witness, John F. Smiley, local manager of appellant's business, to testify to the balance due on the contract. This ruling was error and this assignment is sustained.

It follows that in our opinion this case should be reversed and remanded.

Reversed and remanded.