## Afton et ux. v. Hanley & Bird.

*George F. Whitmer*, for plaintiffs; *W. W. Conrad*, for defendants.

DARR, P. J., Feb. 23, 1929.—This comes before us on an affidavit of defense raising questions of law. The facts material to a proper determination of this case are briefly stated as follows:

The plaintiffs and defendants entered into an oil and gas lease on Oct. 5, 1915, wherein the plaintiffs let and demised the oil and gas under a tract of land situated in Rose Township, Jefferson County, Pennsylvania, containing 120 acres, more or less. The defendants entered into possession under said lease at the date thereof and remained in such possession until sometime in April, 1926, by and with the consent of the plaintiffs. At this latter date, defendants abandoned and removed from the premises. Under the lease the lessors were to receive for each gas-well producing in paying quantities $150 a year. Said lease provided that it "should become null and void unless operations shall be commenced on the premises and a well completed . . . within 60 days from the date hereof, or unless lessee shall pay at the rate of $120 per year, payable quarterly in advance, . . . for each additional year such completion is delayed; and the completion of such well, whether productive or not, shall entitle the lessee to make a further test, rent free, at any time during the term of this lease." Said lease further provided "that one well shall release the rental on the one-half of the within leasehold and the second well release the balance from rental." A well producing gas was drilled and completed on the north half of the 120 acres, but not in sufficient quantities to justify the payment of $150 a year. By agreement dated Oct. 18, 1916, it was agreed that the well so drilled and completed should hold the north half of the farm. Nothing was ever paid after said supplemental agreement was entered into for the postponement of the drilling of a well on the south half of said tract of land. In April, 1928, the lessee plugged

the well on the north half of said tract of land and removed all their machinery, fixtures and other property from the said premises. On or about Oct. 2, 1928, the plaintiffs brought suit against the defendant, alleging the defendant was indebted to them for postponement or delay rental on the south half of said tract of land at the rate of $60 a year from Dec. 4, 1917, to April, 1928. We are indebted to defendant's brief for a concise statement of the facts.

For the purpose of disposing of this case, we will treat the instrument as if it were a lease for the south half of the tract, as the plaintiffs are only seeking to recover rental for the sixty acres. The defendants in their affidavit of defense raising questions of law take the position that: "The lease attached to plaintiffs' claim, marked 'Exhibit A,' and made a part thereof, contains no covenants on the part of the lessees to pay rental or develop the lease; that the only penalty imposed upon them for failure to operate the lease or pay delay rental was a forfeiture of their rights under the agreement." To sustain this position, defendant's counsel cites the case of Glasgow v. Chartiers Oil Co., 152 Pa. 48. We would rule the case at bar on this authority were it not for the fact that the instant case contains an element which did not appear in the Glasgow case, that is, the element of possession.

Plaintiffs' statement alleges in paragraph 7 that "the defendants entered into the possession of the premises described in the agreement of lease," and in paragraph 8 that "the defendants, on the 18th day of October, 1915, until the —— day of April, 1928, remained in possession of the premises." These statements must be found as facts for the purpose of disposing of this affidavit of defense in the nature of a demurrer under the well settled principle that in a demurrer, or affidavit of defense in lieu thereof under the Practice Act, every fact and inference contained in a statement of claim must be taken most strongly against the party who raises such questions of law.

It is not denied that the defendants never drilled a well on the sixty-acre tract. Under these circumstances, after sixty days from the date of the lease and the entry into possession by the defendants, either party might terminate the lease whenever they saw fit to do so; the plaintiffs could have declared a forefeiture or the defendants might have surrendered their lease. Neither did so until April, 1928, so that from the date of the lease and entry into possession up until its surrender in April, 1928, the relation of landlord and tenant subsisted between the parties, the lessees being tenants at sufferance or at will, with this difference, that the lessees might have surrendered possession under the lease or the lessors might have declared a forfeiture.

It is well settled that where the lessee holds over with the consent of the landlord after the expiration of the term or the time when the forfeiture might have been declared, and the lease avoided, as in this case after sixty days, the relation of landlord and tenant continues under the terms provided in the lease. This being the case, the plaintiffs may recover the rental from the date of defendant's taking possession up to the date of abandonment. In this connection, see Railroad Co. v. Egbert et al., 152 Pa. 53. Accordingly, after due consideration, we decide the questions of law so raised against the defendants.

And now, Feb. 23, 1929, after careful consideration, we decide the question of law raised in the affidavit of defense against the defendants, with leave to the defendants to file a supplemental affidavit of defense to the averments of fact of the statement within fifteen days after the date of this decree, in accordance with section 20 of the Practice Act of 1915.

From Raymond E. Brown, Brookville, Pa.