Doll et al., Appellants, *v.* Ryder et al.

Argued March 12, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Wilhelm E. Shissler,* for appellant.

*John Myers,* of *Myers & Myers,* for appellee.

OPINION BY BALDRIGE, J., April 22, 1935:

The plaintiff is a partnership engaged in the business of selling advertising service. On July 3, 1930, acting through Waldo R. Sager, employed on a commission basis, with authority to solicit business, it entered into a contract with A. M. Ryder, representing Ryder's Dairy, for the furnishing of certain advertising materials, etc. The contract contained the following pertinent provisions:

"The term of this contract shall be for a period of ONE YEAR from date of first shipment and this contract shall be deemed renewed for a further period of one year ...... unless at least sixty days prior to its expiration Norm Company shall receive from ME US by registered mail notice of MY OUR intention to terminate the contract at the end of the contract year.

\* \* \* \* \*

"Neither party will be held responsible for any provisions or representations not embodied in writing herein, and this contract is not subject to cancellation. This agreement is subject to the acceptance of Norm Co. at New York."

A letter of acceptance was sent by plaintiff to defendant on July 5, 1930, and was received in due course. The contract, therefore, became effective. It is admitted that no written notice was sent by defendant to the plaintiff sixty days prior to the end of the first year and that plaintiff continued during the second year to send to a newspaper printed matter for

advertising purposes, as it had the first year. Upon the refusal of the defendant to pay for the second year's service, suit was brought. The case was submitted to the jury, and a verdict was rendered in favor of defendant. This appeal followed.

The defense presented was that at least three months before the expiration of the first year of the contract, Sager called upon A. M. Ryder and solicited him to enter into a renewal of the contract; Ryder refused, and at the same time orally informed Sager that they would not renew the contract; that again, about sixty days prior to the year, Sager called and Ryder once more notified him of their refusal to continue the contract. The defendant asserts that the conduct of the plaintiff's agent constituted a waiver of the written notice. Sager acknowledged that he had visited the defendant, but stated that his only purpose in doing so was to ascertain if the service rendered was satisfactory. He denied having solicited a renewal of the contract, or that he was authorized to do so, or that he received any notice from defendant of its desire to terminate the contract, or that he had authority to receive such notice.

If the alleged notice was given to the agent, was it binding on the principal?

The burden was on the defendant to establish that the agent was acting within his actual or apparent authority. A. M. Ryder had express knowledge when he signed the contract that Sager had no authority to bind his principal without its written approval, which indicated quite clearly that the extent and nature of the agency was only for the purpose of soliciting contracts. Nothing in the writing suggested that authority had been granted to the agent to alter or relinquish any right of the principal. A sales agent's duties are generally confined to making sales, and his prima facie powers are but coextensive with the business entrusted

to his care: Mange-Wiener Co. v. Worsham Co., 27 Pa. Superior Ct. 315. After the sale is completed, he has no implied power to cancel the contract, particularly where, as here, the contract was subject to the approval of the principal. This rule is stated in 2 C. J. 645, §289, in the following language:

"Presumptively an agent is employed to make contracts, not to rescind or modify them, to acquire interests, not to give them up, and no power to cancel or vary an agreement is to be inferred from a general power to make it, nor has the agent any implied power to waive or give up the rights or interests of his principal ...... unless the principal knows or approves of such modification by the agent."

The Restatement of the Law of Agency gives sanction to the rule in §51, p. 127, where it is stated, under Comment on Clause (b):

"Since such acts are not incidental to the making of a contract, it is not inferred that authorizing an agent to make a contract authorizes him to alter its terms; to waive its conditions or otherwise to diminish or discharge the obligations of the third person; to perform it or to accept performance; to transfer it; to bring suit upon it; or to rescind it."

We find no evidence in this case to show that Sager had express authority from his principal to receive notice or to do any act that would affect the continuance of the contract with the plaintiff; it does not sustain the doctrine of implied authority by a holding out or by a course of dealing from which authority could be reasonably inferred; nor is there proof of ratification by the principal of the agent's act: Fee v. Adams Express Co., 38 Pa. Superior Ct. 83.

The case of Gilmore Drug Co. v. Goldsmith, 79 Pa. Superior Ct. 149, was an action to recover on a written contract, which provided that the guaranty was to

continue in force until a written notice of revocation was received. The defense introduced was that the agent of the company, to whom the guaranty was given, had cancelled the agreement, and had reduced the amount of the guaranty. We held that there was no evidence that the agent had authority to transact the business of his principal as if he were the proprietor. The mere fact that he was a credit man did not give him authority to release valuable obligations without the consent, ratification or knowledge of his principal; that authority to extend credit did not carry with it the power to cancel securities or give up the rights or interest of his principal; that the burden was on the one asserting the authority to show it or a ratification by the principal of the agent's act.

In Ludwig & Son v. Gorsuch, 154 Pa. 413, 26 A. 434, an agent was employed to solicit and send his employer orders for goods, and to collect outstanding accounts. The court held that he was not acting within the scope of his authority in releasing defendant from liability for the price of goods purchased, and accepting another person in his stead; that nothing short of ratification by his principals could validate such a transaction, and as there was no evidence thereof, defendant had no legal defense to plaintiff's claim.

In Marquette-Bailey Co. v. Gibboney, 87 Pa. Superior Ct. 243, defendant ordered certain lumber and after it arrived it was rejected. He unloaded the lumber, however, and later the plaintiff instituted suit for purchase price. The defense set up was that an agent of the plaintiff had agreed that the defendant should unload the lumber and plaintiff would reimburse him for his expenses. Plaintiff denied that its agent had authority to enter into such an agreement. This court there said, speaking through Judge HENDERSON, (p. 249):

"Not only was there no evidence that [the agent]

had the authority assumed in the charge, but the testimony of the agent was directly to the contrary. His business was to sell lumber, not to release the debtors of his employer from their liability. As such agent he would have no implied authority to settle the disputed claims or to release his principal's legal demands. Nothing less than a general or a special authority or a ratification by the principal could give force to such act."

See, also, R. R. Co. v. Egbert et al., 152 Pa. 53, 25 A. 151; Collins v. Home Ins. Co. of N. Y., 110 Pa. Superior Ct. 72, 167 A. 621.

The defendant states that it does not dispute the general rule that power granted to an agent to make a contract does not include authority to alter its terms, waive its conditions, or otherwise terminate or discharge it. Its counsel argues, however, that the rule is not applicable to the case at bar, as Sager, in soliciting the renewal of the contract, was admittedly acting within the scope of his authority and his action amounted to a waiver of the notice by mail. If we accept that argument, it would be tantamount to holding that authority to solicit a renewal of a contract, not terminated, carried with it the power to change its terms. We can not agree with that contention. As we read the authorities above cited, they hold just the contrary. We do not question that a partner of Norm & Co. could have waived the written notice by parol: McClelland v. Rush, 150 Pa. 57, 24 A. 354; Gold et al. v. Fox Film Corp., 304 Pa. 114, 155 A. 287. In those cases, cited by the appellee, the parties to the contract waived the provisions therein. Here, the notice is alleged to have been given to an agent with limited authority, and, therefore, the authority to waive, as well as the notice, must be proven. This was not done.

The appellee contends further that even if the conduct of plaintiff's agent did not amount to a waiver,

the notice given to the agent was in the course of his employment of soliciting a renewal, and was constructive notice to the principal, regardless of his actual knowledge. This proposition must fall as it is based on the assumption that the agent in receiving the oral notice of cancellation was acting within his authority, which is contrary to the facts. "A principal is not affected with knowledge which the agent acquires while not acting in the course of his employment, or which relates to matters not within the scope of his authority, unless the agent actually communicates his information to the principal": 2 C. J. p. 863, §544. The Restatement of the Law of Agency, §268, chap. 8, at page 595, reads:

"An agent who makes a contract for the principal is not necessarily the person to whom the other party thereto is to give a notification in connection therewith. Thus, if a traveling salesman were to take an order for goods, the buyer does not affect the principal by a notification of his repudiation of the contract given to such agent, unless the customs of business or the usages of the parties permit it."

The principal, therefore, was not bound by the notice given by the defendant to the plaintiff's agent. The notice, not having been in compliance with the terms of the contract, was ineffective.

The learned court below should have affirmed plaintiff's third point, which requested the court to instruct the jury to render a verdict for plaintiff.

Judgment is reversed, and record remitted to the end that judgment may be entered for plaintiff in the amount of its claim, with interest.