**Nolan STRETCHER et al., Appellants,**

v.

**Willie G. GREGG et al., Appellees.**

**No. 8394.**

Court of Civil Appeals of Texas, Texarkana.

Oct. 26, 1976.

Woodrow Edwards, Mount Vernon, Coy Johnson, Smith, Johnson & McDowell, Sulphur Springs, for appellants.

Charles L. Attaway, Attaway & Attaway, James S. Moss, Mesquite, for appellees.

CORNELIUS, Justice.

Appellants have appealed from an adverse judgment in their suit to reform and specifically enforce contracts for the sale of real estate.

By two separate contracts appellees[1] agreed to sell to appellants, Nolan Stretcher and B. T. Stretcher, Jr., a tract of 147 acres in Franklin County. The Stretchers were purchasing the land through the Veterans Land Program. The 147 acre tract was bisected by a county road. Nolan Stretcher was to purchase the portion north of the road and B. T. Stretcher, Jr., the portion south of the road. The contracts described their purchases as the North ½ and the south ½, respectively, of the 147 acres which were then described by metes and bounds. After execution of the original contracts, the Veterans Land Board required a survey of the land. That survey revealed that the portion north of the road actually contained 86.43 acres and the portion south of the road actually contained 61.01 acres. New descriptions were then attached to the contracts in lieu of the original descriptions, making Nolan Stretcher's contract cover the 86.43 acres north of the road and B. T. Stretcher's contract cover the 61.01 acres south of the road. After the contracts had been in effect for some time, Mrs. Willie Gregg, one of the sellers who acted for all of them in negotiating the sale, orally advised H. L. Edwards, who had been designated as the closing attorney for the Veterans Land Board, that the sellers were dissatisfied about the delay in closing the transaction and no longer wanted to go through with the sale. She testified that Mr. Edwards told her that he would notify the Veterans Land Board to that effect. On June 30, 1973, Mr. Edwards wrote the following letter to the Veterans Land Board:

> "Re: Acct. No. 69578 (Cancellation)
> Nolan M. Stretcher
>
> Re: Acct. No. 69579 (Cancellation)
> Bun T. Stretcher, Jr.
>
> Veterans Land Board of Austin
> Austin, Texas 78701
> Gentlemen:
>
> In connection with above account numbers, please return all money deposited with Veterans Land Board to above captioned veterans.
>
> Returned herewith is Warranty No. H540851 in amount of $12,964.50 (Nolan M. Stretcher), Contract in duplicate and affidavit.
>
> Neither of above named veterans owe any legal fees in connection with above loan.
>
> Very truly yours,
> /s/ H. L. Edwards
> H. L. Edwards"

Some time later, Nolan Stretcher delivered to Mrs. Gregg proper deeds for execution and completion of the sale but she refused to execute them or to procure their execution by the other sellers. The Stretchers then filed suit to reform the contracts to cover the land as described in the new field notes and to specifically enforce the contracts as reformed.

Trial was to the court which concluded that the contracts had been cancelled, and that appellants were therefore not entitled to the relief sought. In their points of error, appellants contend that (1) the court erred in concluding that the contracts had been cancelled, and (2) as the contracts had not been cancelled, the trial court's findings entitled them to reformation and specific performance.

The standard form Application and Contract of Sale prescribed by the Veterans Land Board was used by the parties. Paragraph 14 of that form provides:

> "14. This contract shall remain in full force and effect until thirty (30) days from receipt by the Veterans' Land Board of the State of Texas of written notice of cancellation from either party, but in no event will terminate before the expiration of 120 days from the date hereof except by written consent of both parties and notice thereof to the Veterans' Land Board of the State of Texas. The Veterans' Land Board of the State of

---

1. Willie G. Gregg, Rolston Garrett, Cottrell Garrett, Connelly Garrett, and Johnnie Newsom.

Texas reserves the right to cancel after acceptance of the assignment of the contract if the seller or the veteran fails to put forth reasonable efforts to comply with the terms hereof."

Even if a contract is cancelled pursuant to paragraph 14, the purchaser may still bind the seller to a sale, without the participation of the Veterans Land Board, if he follows the procedures outlined in paragraph 15 which provides:

"15. Notwithstanding any provision herein to the contrary, the above named veteran may at any time during which this agreement is in force elect to proceed with and perform this agreement without the participation of the Veterans' Land Board by giving written notice of his intention to the seller and the Veterans' Land Board. In such event, this agreement shall be deemed to be a contract for the sale and purchase of the above described land between the seller and the veteran exclusively."

Disposition of the appeal depends upon whether appellees effectively cancelled the contracts in accordance with the provisions of paragraph 14. As appellants failed to exercise their rights under paragraph 15, they would not be entitled to relief if the required notice of cancellation was given. But if the contracts were not cancelled, they were still in force when this suit was filed and are subject to specific performance unless that remedy is prevented by some other deficiency.

Findings of fact and conclusions of law were entered. In finding of fact No. 15 the court found:

"15. H. L. Edwards of Mt. Vernon, Texas, a duly licensed member of the State Bar of Texas, acted as closing agent at the request of the Veterans Land Board. In May, 1973, after all preparations had been completed and within thirty days prior to the proposed date for closing of the sales, defendant Willie G. Gregg notified H. L. Edwards that she would not go forward with the transactions or sign the deeds required. *Her notice was oral and not written.*" (emphasis supplied)

In conclusion of law No. 2 the court concluded:

"2. Defendant Willie G. Gregg, *by giving oral notice* to H. L. Edwards that she did not desire to go forward with the contracts and would not sign the necessary instruments, thereby cancelled the transactions between the parties and the Veterans Land Board of Texas." (emphasis supplied)

Thus, the court grounded its judgment upon notice of cancellation given by Mrs. Gregg.

■■■ An option to cancel or rescind a contract must be exercised in strict compliance with its terms. *G. C. Murphy Company v. Lack,* 404 S.W.2d 853 (Tex.Civ.App. Corpus Christi 1966, writ ref'd n. r. e.); *Barron G. Collier, Inc. v. Davidson-Levine,* 294 S.W. 223 (Tex.Civ.App. Dallas 1927, writ dism'd); 17A C.J.S. Contracts § 408, p. 500. Such a cancellation is considered in the nature of a forfeiture. The courts do not favor forfeitures, and unless compelled to do so by the plain language of the contract, a forfeiture will not be enforced. *G. C. Murphy Company v. Lack,* supra; *Mayhew v. Vanway,* 371 S.W.2d 90 (Tex.Civ. App. Houston 1963, no writ). When the contract provides that notice of cancellation must be in writing, oral notice will not suffice. *Nitzky v. Ohmer,* 138 N.Y.S.2d 418 (N.Y.S.Ct.1955); *Doll v. Ryder,* 118 Pa.Super. 7, 178 A. 320 (1935); 13 Tex.Jur.2d, Contracts, Sec. 347, pp. 622–23. It follows that the notice given by Mrs. Gregg, being oral, would not *in itself* constitute notice of cancellation under the contract. The court's conclusion that Mrs. Gregg's oral notice resulted in cancellation would therefore be erroneous unless (1) Edwards, in writing to the Veterans Land Board, was acting for Mrs. Gregg as her agent for that purpose, and (2) such letter was intended as an exercise of Mrs. Gregg's right to cancel the contract rather than merely an indication that Edwards believed the sellers would not complete the transaction, (3) thereby constituting Mrs. Gregg's oral notice to Edwards and his subsequent letter to the Veterans Land Board "written notice of

cancellation by either party" as required by paragraph 14 of the contracts. Appellees concede there is no specific finding to that effect. They urge, however, that under the rule of omitted findings [2] we should presume that the trial court found those facts constituting the ultimate fact of written notice. They argue that the court's finding of oral notice to Edwards constitutes an element of their defense of written cancellation, and that as one element of their defense was found by the trial court, the other omitted elements may be presumed to have been found in support of the judgment as provided by Rule 299. Assuming, arguendo, that oral notice to Edwards would constitute an element of appellees' defense, and that the evidence would support such other findings as would amount to written notice, we cannot presume such a finding, because appellees specifically requested the trial judge to find the ultimate fact and he failed to do so. In their request for additional findings and conclusions, appellees asked the court to find and conclude that:

"By letter dated June 30, 1973, H. L. Edwards advised the Veterans Land Board of cancellation of the contracts by defendants",

and that:

"The defendants cancelled the contract under the terms of paragraph 14 of each contract before the institution of this lawsuit."

The court failed to make those findings and conclusions, and its failure was tantamount to a refusal. Rule 299 allows presumed findings on *unrequested* and omitted findings. It does not permit a finding to be presumed when that finding was *requested* and *refused* by the trial judge. *Hanover Insurance Company v. Sonfield,* 386 S.W.2d 160 (Tex.Civ.App. Houston 1965, no writ); *Volunteer State Life Ins. Co. v. Snipes,* 209 S.W.2d 935 (Tex.Civ.App. San Antonio 1948, no writ). The rule that supplemental findings necessary to support the judgment will be presumed has no application when the findings and conclusions disclose the basis

for the judgment, and disclose that the court did not find such supplementary facts. *Burford v. Pounders,* 145 Tex. 460, 199 S.W.2d 141 (1947); *Reid v. Gulf Oil Corporation,* 323 S.W.2d 107 (Tex.Civ.App. Beaumont 1959), affirmed, 161 Tex. 51, 337 S.W.2d 267 (1960). The findings here indicate that the court's judgment was based upon oral notice of cancellation and that it did not find a written cancellation. In fact, the comments of the trial judge when Edwards' letter was offered into evidence reveal that he did not consider such letter as "written notice of cancellation by either party." From the foregoing discussion, it is evident that the trial court's findings do not support a conclusion that the contracts were cancelled in the manner required by paragraph 14. Appellants, then, were entitled to specific performance unless their right to it was defeated by some other defense.

Other than cancellation, appellees advanced no defense at the trial except that a material alteration was made in the contracts when the original land descriptions were replaced by new descriptions which changed the amounts of acreage. Appellants' response was that the original descriptions were the result of a mutual mistake and that the contracts should be reformed to show the true agreement as reflected by the corrected descriptions. On these specific issues the trial court found:

1. Before signing the contracts, Mrs. Gregg and Nolan Stretcher agreed on behalf of all parties that the Stretcher brothers were to purchase all of the 147 acre tract, and that Nolan Stretcher was to receive the land on the north side of a county road splitting the property which was estimated to be one-half of the land, and B. T. Stretcher, Jr., was to receive the property lying south of said road which was estimated to be the south half of said land.

2. All parties were mutually mistaken in believing that the county road bisected the property in equal halves, but it was

---

2. Tex.R.Civ.P. 299.

agreed and understood between all parties that the Veterans Land Board would require an up-to-date survey to get the exact field notes description of each portion of the land.

3. It was agreed that as soon as new field notes were available from the survey, the new field notes would be attached to the contracts and would replace the original field notes.

4. The survey revealed that the property north of the road contained 86.43 acres and the property south of the road contained 61.01 acres.

5. The new field notes showing such tracts and acreage were, by agreement of the parties, substituted for the original field notes.

6. All parties agreed that the purchase price for all land in both tracts would be $150.00 per surveyed acre.

7. The amount of the final purchase price for each tract at $150.00 per acre, after they were surveyed, was filled in on the contracts by verbal consent of all parties.

8. The contracts with the new field notes and the final purchase price filled in were then submitted by the parties to the Veterans Land Board which then approved them.

9. Nolan Stretcher and B. T. Stretcher were at all material times ready, willing and able to go forward and complete the proposed transaction, and have made tender of performance at all material times.

10. The Veterans Land Board is a party to this suit and has indicated its willingness to complete the transaction and abide by the final judgment.

These findings are supported by the evidence and appear to establish appellants' right to reformation. Mrs. Gregg testified that the sellers were only interested in selling the entire tract for $150.00 per acre and were not concerned as to which party got which portion, so long as all was sold for the stipulated price. The original descriptions were made on the assumption that the road split the property into two equal or nearly equal portions. When the survey field notes were available, they showed a disparity in the acreage between the north and south portions. The true agreement remained, however, that Nolan Stretcher would purchase the north portion and B. T. Stretcher, Jr., the south portion with respect to the road. Where the minds of the parties have met as to the identity of the property contracted for and as to the price per acre, a mutual mistake as to descriptions or acreage may be corrected by reformation. *Hill v. Davis,* 392 S.W.2d 596 (Tex.Civ.App. Eastland 1965, writ ref'd n. r. e.); *Morrow v. Shotwell,* 477 S.W.2d 538 (Tex.1972). As appellants were willing to accept their respective portions despite the adjustment in acreage, and the appellees could in no way be prejudiced thereby, a proper case for reformation was established.

The contracts are therefore reformed to incorporate the corrected descriptions. Appellants are entitled to specific performance of the contracts as reformed. This cause is therefore reversed and remanded to the trial court with instructions to enter judgment in accordance with this opinion.